**WO**

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Anthony P. Keyter, | ) No. CV-05-1923-PHX-DGC |
| | ) |
| Plaintiff, | ) **ORDER** |
| | ) |
| vs. | ) |
| | ) |
| John McCain, et al., | ) |
| | ) |
| Defendants. | ) |
| | ) |

Pro se Plaintiff Anthony P. Keyter has filed a complaint against Senators John McCain and Jon Kyl alleging that they breached their common law, moral, and statutory duties by failing to investigate wrongful conduct by President George W. Bush and other federal and state officials who allegedly have disregarded the commission of 1.6 million crimes. Doc. #1. Defendants McCain and Kyl have moved to dismiss the complaint pursuant to Federal Rule of Civil Procedure 12(b)(1) and (6). Doc. #9. Plaintiff has filed a response and Defendants have filed a reply. Docs. ##13, 18. For the reasons set forth below, the Court will dismiss this action for lack of subject matter jurisdiction.

## Background

This is not Plaintiff's first legal action. The wrongs alleged in his complaint arise out of Plaintiff's marital dissolution proceedings in the State of Washington. Plaintiff has litigated various claims and appeals in Washington state court, has filed a lawsuit against President Bush in the United States District Court for the District of Columbia, and has

1   sued 230 state and federal government officials in the United States District Court for the

2   Western District of Washington.  These lawsuits arose from the same or similar grievances

3   as this case, and all have been dismissed.  Plaintiff's litigation activities are described in

4   some detail in *Keyter v. 230 Government Officers*, 372 F. Supp. 2d  604, 605-08 (W.D. Wash.

5   2005).  The Court also notes that the United States Supreme Court has denied Plaintiff's

6   petition for writ of certiorari arising from his action in the District Court for the District of

7   Columbia.  *See Keyter v. Bush*, 126 S. Ct. 386 (2005).

8          This action originally was brought only against Defendants McCain and Kyl.  *See*

9   Doc. #1.  After these Defendants filed their motion to dismiss, Plaintiff filed a Certificate of

10  Service that purported to attach a "First Amended Complaint/Action to Compell" (sic) that

11  added 29 additional defendants.  Doc. #11, Attach. 1.  These include the Vice President,

12  Secretary of State, current and former Attorneys General, Director of the FBI, United States

13  Attorneys and Assistant United States Attorneys, five additional Senators, two District

14  Court judges, nine members of the United States Court of Appeals for the District of

15  Columbia Circuit, the Chief Justice of the United States (in his capacity as a former member

16  of the D. C. Circuit), and others.  *See id.*  The allegations, claims, and prayer for relief in the

17  amended complaint are virtually identical to those in the initial complaint.  *Compare* Doc.

18  #11, Attach. 1, *with* Doc. #1.

19                                  **Discussion**

20  **I.      The Operative Complaint.**

21         Plaintiff's amended complaint was issued after Defendants McCain and Kyl had

22  moved to dismiss this action.  Plaintiff was entitled to amend his complaint without leave

23  of court at that point because the motion to dismiss did not constitute a "responsive

24  pleading" within the meaning of Federal Rule of Civil Procedure 15(a).  *See* Wright, Miller

25  & Kane, *Federal Practice and Procedure:* Civil 2d § 1483 at 585 & n.9 ("[C]ourts have held

26  that the filing of a motion to dismiss will not prevent a party from subsequently amending

27  without leave of court[.]").  Plaintiff did not purport to amend as of right, nor did he

28  formally move to amend his complaint.  He filed a certificate of service that attached a copy

of the amended complaint and a notice and ex parte motion for joinder. *See* Docs. ##11-12, 19. Because Plaintiff is proceeding pro se, however, the Court will deem these filings as Plaintiff's assertion of the amended complaint as a matter of right under Rule 15(a). *See Bernhardt v. L.A. County*, 339 F.3d 920, 925 (9th Cir. 2003) ("Courts have a duty to construe pro se pleadings liberally, including pro se motions as well as complaints."). As a result, the Court will treat Plaintiff's amended complaint as the operative pleading for purposes of this Order.

## II.    Plaintiff's Tort Claims.

Plaintiff alleges generally that Defendants owed him a legal duty not to breach the laws of the United States and that Defendants maliciously and recklessly violated that duty and caused him harm. Doc. #11, Attach. 1 ¶ 2. Plaintiff purports to allege common law tort claims against Defendants in counts one, two, three, five, and seven of the amended complaint. *Id.* ¶¶ 34-57, 66-74, 85-86. Plaintiff seeks compensatory damages in the amount of $10 million against each Defendant. *Id.* ¶ 87.

The Federal Tort Claims Act ("FTCA"), as amended, bars claims against employees of the United States for injuries arising from their negligent or wrongful acts or omissions while acting within the scope of their office or employment. 28 U.S.C. §§ 2674, 2679(b)(1). Relief for such injuries may be sought only against the United States and only after exhausting administrative remedies. *See* 28 U.S.C. §§ 2675, 2679(b)(1).[1] Because Plaintiff has not sued the United States or alleged that he has exhausted his administrative remedies, his claims must be dismissed for lack of subject matter jurisdiction. *See* 28 U.S.C. §§ 2675(a), 2679(b)(1).

---

[1]The FTCA was amended in 1988 by the Federal Employees Liability Reform and Tort Compensation Act, commonly known as the Westfall Act. 28 U.S.C. § 2679. This Act "conferred immunity to federal employees acting within the scope of their office or employment[.]" *Adams v. United States*, 420 F.3d 1049, 1052 & n.3 (9th Cir. 2005); *see United States v. Smith*, 499 U.S. 160, 163 (1991) ("The Act confers such immunity by making an FTCA action against the Government the exclusive remedy for torts committed by Government employees in the scope of their employment.").

Plaintiff attempts to avoid the preclusive effects of the FTCA by claiming that he has sued Defendants in their personal, not their official, capacities. Indeed, the first sentence of Plaintiff's amended complaint states that Plaintiff "brings this civil action for damages against Defendants **in their personal capacities**." Doc. #11, Attach. 1 ¶ 1 (emphasis in original). The allegations in Plaintiff's complaint, however, make clear that Plaintiff has sued Defendants based on acts or omissions within the scope of their federal offices.

Plaintiff alleges the following: "[w]hen President Bush, as Chief Executive of the nation failed to abide by the law, the Defendants were requested by way of *their* position of authority under the United States to see to the execution of the laws" (¶ 17) (emphasis in the original); "[e]ach Defendant was requested to perform his/her specific duties under the law regarding the crimes of the President and the other government conspirators" (¶ 18); "[e]ach Defendant holds a special position of trust in society and a pertinent position in government to deal with violation of law" (¶ 19); "[e]ach Defendant had a duty to deal with the crimes, but each Defendant failed" (¶ 28); "Plaintiff will petition this Court for a mandamus to compel each Defendant to deal with the particular parcel of criminal allegations placed before him/her, each according to his/her own statutory duties" (¶ 29); Plaintiff seeks "to compel these delinquent servants of the people to perform their duty to see to the welfare of the people, which duty is obligated by law" (¶ 31); Plaintiff seeks an order from the Court "[c]ompelling [D]efendant(s) to obey the law and to comply with and to execute his/her particular statutory duties with respect to the particular parcel of allegations of multiple crimes presented to him/her by the Plaintiff" (Prayer for Relief ¶ 7).

In addition to these allegations of failure to perform official duties, Plaintiff alleges that Defendants failed to act when contacted through their official offices: "Information was provided to the Defendants in a Dossier Crimes filed with the Judiciary Committees of Senate and House, with the courts and with the Department of Justice, which dossier meticulously details and provides prima facie evidence of the crimes committed by the conspirators." Doc. #11, Attach. 1 ¶ 18.

1    Thus, although Plaintiff seeks to avoid the bar of the FTCA by alleging that he has

2   sued Defendants in their personal capacities, the detailed allegations of his amended

3   complaint make clear that he has sued Defendants for failure to perform their official duties.

4   Such claims are barred by the FTCA. *See* 28 U.S.C. §§ 2674, 2679(b)(1); *Smith*, 499 U.S. at

5   163; *Kee v. United States*, 168 F.3d 1133, 1135 (9th Cir. 1999) ("As amended, the [FTCA]

6   essentially 'immunizes United States employees from liability' for negligent or wrongful

7   acts committed within the scope of their employment.") (quoting *Green v. Hall*, 8 F.3d 695,

8   698 (9th Cir. 1993)); *Wilson v. Drake*, 87 F.3d 1073, 1076 (9th Cir. 1996) (stating that as

9   amended, the FTCA "provides that 'the remedy against the United States' under the FTCA

10   'is exclusive of any other civil action or proceeding for monetary damages'") (citing 28

11   U.S.C. § 2679(b)(1)) (alteration omitted).

12    Upon certification that Defendants were in fact acting within the scope of their

13   office as alleged in Plaintiff's amended complaint, the Court generally would substitute the

14   United States as a defendant. *See* 28 U.S.C. § 2679(d)(1). Plaintiff, however, has not

15   alleged that he exhausted his administrative remedies as required by the FTCA. 28 U.S.C.

16   §§ 2672, 2675(a). The Court thus lacks jurisdiction over any tort claims against the United

17   States. *See id.*; *Jerves v. United States*, 966 F.2d 517, 518 (9th Cir. 1992) ("We have

18   repeatedly held that [the] 'claim requirement of section 2675 is jurisdictional in nature and

19   may not be waived.'") (citations omitted); *Brady v. United States*, 211 F.3d 499, 502-03

20   (9th Cir. 2000) (affirming dismissal where the plaintiff made an administrative claim after

21   filing suit and stating: "Because the [administrative claim] requirement is jurisdictional,

22   it 'must be strictly adhered to. This is particularly so since the FTCA waives sovereign

23   immunity. Any such waiver must be strictly construed in favor of the United States.'")

24   (quoting *Jerves*, 966 F.2d at 521); *Blair v. IRS*, 304 F.3d 861, 868-69 (9th Cir. 2002) (holding

25   that the district court lacked subject matter jurisdiction over the plaintiff's claim for medical

26   expenses because the claim was not properly exhausted with a federal agency under §

27   2675(a)).

28    Although the Court might normally allow a plaintiff leave to amend to add

1   allegations of exhaustion, the Court concludes that a second amendment should not be

2   permitted in this case because Plaintiff has filed this action in bad faith and the amendment

3   would be futile. *See W. Shoshone Nat'l Council v. Molini*, 951 F.2d 200, 204 (9th Cir. 1991)

4   (grounds for denying amendment include bad faith and futility of the amendment); *Saul*

5   *v. United States*, 928 F.2d 829, 843 (9th Cir. 1991) ("A district court does not err in denying

6   leave to amend where the amendment would be futile, or where the amended complaint

7   would be subject to dismissal.") (citations omitted).

8   Leave to amend should be freely given when justice requires, particularly for pro se

9   litigants. *See* Fed. R. Civ. P. 15(a); *Flowers v. First Hawaiian Bank*, 295 F.3d 966, 976

10  (9th Cir. 2002) ("We are very cautious in approving a district court's decision to deny pro

11  se litigants leave to amend."). But Plaintiff is not a typical pro se litigant. Plaintiff has

12  asserted these claims without success in several courts. *See Keyter*, 372 F. Supp. 2d at

13  605-08. His complaint in the Western District of Washington was dismissed with prejudice

14  and without leave to amend in part because it was frivolous and its prosecution was an

15  abuse of the court system and the defendants. *See id.* at 612. His claim in the District of

16  Columbia was also found meritless. *See Keyter v. Bush*, 2005 WL 375623 at *1 (granting

17  motion for summary affirmance of dismissal order because "[t]he merits of the parties'

18  positions [was] so clear as to warrant summary action"), *cert. denied*, 126 S. Ct. 386.

19  Plaintiff now seeks another forum in which to pursue yet another group of government

20  officials including the judges who ruled on his previous cases. Such a re-assertion of

21  previously dismissed and meritless claims is not brought in good faith and does not

22  warrant further amendment. The Court will not grant leave to amend.

23  **III.    Plaintiff's Claims Based on Criminal Statutes.**

24  Three of Plaintiff's causes of action purport to be based on federal criminal statutes.

25  Plaintiff's fourth cause of action is based on 18 U.S.C. § 4, his fifth cause on 18 U.S.C.

26  § 241, and his sixth cause on 18 U.S.C. § 371. Doc. #11, Attach. 1 ¶¶ 58-65, 68, 75-84. But

27  these criminal statutes do not provide a private right of action. Plaintiff is well aware of this

28  fact, having had similar claims dismissed in his federal actions in the District of Columbia

1   and Western District of Washington.  *See Keyter v. Bush*, No. 03-2496 *slip op.* at 6-7

2   (D.D.C. Aug. 6, 2004); *Keyter v. 230 Gov't Officers*, 372 F. Supp. 2d at 610-11.  The Court

3   will again dismiss these claims for failure to state a cause of action.

4   **IV.**   **Dismissal of New Defendants.**

5        The grounds for dismissing the claims against Defendants McCain and Kyl apply

6   equally to the claims against the 29 new Defendants named in Plaintiff's amended

7   complaint.  As noted above, Defendant did not change the substance of his complaint

8   when he added these defendants.  Because the FTCA does not create a cause of action for

9   tortious conduct against federal officials acting within the scope of their offices, Plaintiff's

10   tort claims must be dismissed.  And because federal criminal statutes provide Plaintiff with

11   no private right of action, his claims based on such statutes must be dismissed.[2]

12   **V.**   **Additional Order.**

13        Plaintiff has burdened the Court's docket with voluminous filings.  His response to

14   the motion to dismiss and two supplements include 44 attachments encompassing

15   hundreds upon hundreds of pages.  As one example, Attachment 1 to Plaintiff's response

16   to the motion to dismiss (Doc. #13) purports to file criminal charges against President

17   George W. Bush and includes more than 30 pages of material supposedly outlining the

18   crimes of the President and his "[s]tate-supported tyranny upon the populous."  Because

19

20        [2] Defendants McCain and Kyl asserted a variety of additional arguments that the
Court need not address.  The Court notes, however, that Defendants' standing argument

21   cannot form a basis for dismissal at this stage of the litigation.  *See Bernhardt v. L.A.
County*, 279 F.3d 862, 869 (9th Cir. 2003) (reversing dismissal of pro se litigant's civil rights

22   action because her "general factual allegations [were] presumed to embrace those specific

23   facts that are necessary to support standing") (citation and alterations omitted); *Mendoza
v. Zirkle Fruit Co.*, 301 F.3d 1163, 1167-72 (9th Cir. 2002) (reversing dismissal for lack of

24   standing because the plaintiffs "must be allowed to make their case through the

25   presentation of evidence"); *Lujan v. Defenders of Wildlife*, 504 U.S. 55, 561 (1992) ("At the

26   pleading stage, general factual allegations of injury resulting from the defendant's conduct

27   may suffice, for on a motion to dismiss 'we presume that general factual allegations
embrace those specific facts that are necessary to support the claim.'") (citation and

28   alteration omitted).

1  Plaintiff has seriously overburdened the Court's docket with such filings, Plaintiff will be

2  prohibited from filing in this Court any further claim arising from the subject matter of this

3  case. *See Keyter v. 230 Gov't Officers*, 372 F. Supp. 2d at 613.

4       **IT IS ORDERED:**

5       1.    The motion of Defendants United States Senators John McCain and Jon Kyl

6  to dismiss the complaint (Doc. #9) is **granted.**

7       2.    Plaintiff's amended complaint against Defendants McCain and Kyl and

8  against 29 additional Defendants (Doc. #11) is **dismissed** in its entirety.

9       3.    All other pending motions (Doc. ##12, 16, and 19) are **denied** as moot.

10      4.    Plaintiff Anthony P. Keyter is prohibited from filing in this Court against any

11 of the 31 named defendants any further claim arising from the subject matter of this case.

12 Any future filing that violates this prohibition will be subject to summary dismissal by the

13 Court and may subject Plaintiff to a citation for Contempt of Court.

14      5.    The Clerk shall **terminate** this action.

15      DATED this 13th day of January, 2006.

16

17

18

19

20       _____
         David G. Campbell
         United States District Judge

21

22

23

24

25

26

27

28

- 8 -